**CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY; and Southern Railroad Company, Appellants,**

v.

**KENTUCKY DEPARTMENT OF REVENUE, Appellee.**

**No. 84–CA–701–MR.**

Court of Appeals of Kentucky.

Sept. 28, 1984.

Discretionary Review Denied
Feb. 21, 1985.

**304** 

Robert L. Maddox, Richard W. Iler, Charles R. Simons, Wyatt, Tarrant & Combs, Louisville, James W. McBride, William C. Antoine, Laughlin, Halle, Clark, Gibson & McBride, Washington, D.C., for appellants.

Nathan Goldman, Legal Services Section Revenue Cabinet, Frankfort, for appellee.

Before COMBS, DUNN and WHITE, JJ.

COMBS, Judge.

The appellants, Southern Railway Company, and its wholly-owned subsidiary, Cincinnati, New Orleans and Texas Pacific Railway Company, operated railroads in Kentucky and other states.

These appeals concern Kentucky income tax for the years 1969 through 1973.

Following an audit, the Department of Revenue found that appellants owed additional income taxes. Appellants appealed to the Kentucky Board of Tax Appeals which entered an order favorable to appellants on three issues. The Department appealed the order to the Franklin Circuit Court which reversed the board on each of the three issues. The judgment of the trial court against Southern was in the amount of $342,228 plus interest, and against Cincinnati, New Orleans and Texas Pacific in the amount of $67,852 plus interest.

Because the appellants do business in Kentucky and other states, their income must be apportioned for income tax purposes. KRS 141.120 is the Kentucky version of the Uniform Division of Income for Tax Purposes Act. Generally, the statute provides that income taxable by Kentucky is a proportion of business income that is attributable to the taxpayer's business activities in Kentucky. The proportion is determined by a formula in which property, payroll and sales in Kentucky are compared with the total property, payroll and sales of the multi-state business. Non-business income is taxable by Kentucky to the extent that the income-producing property is located or used in this state.

The appellants along with other subsidiaries of Southern operate their railroads by "pooling." The corporations have common management and the employees of one company may do work for another. When an employee of one company does work for another, the company compensating the employee is reimbursed by the company for whom the labor is performed.

The trial court held that compensation of Southern's employees for services per-

formed for the benefit of the subsidiary is to be included in the apportionment of Southern's income, and not in the apportionment of the subsidiary's income. Appellants argue that the compensation should be included in the formula of the company for which the service was performed.

Although we have found no case law on point, the Department has interpreted in prior audits the statute in the manner urged by appellants. An administrative agency's interpretation of the law is of great weight, and in this case the General Assembly has not by amendment or adoption of superseding statutes mandated a different interpretation.

The purpose of KRS 141.120 is to adopt a formula to determine the business income attributable to activity in Kentucky. To include the compensation of the employees in the formula of the company for whom service was performed would promote this purpose.

The payroll factor is determined by comparing the "compensation" paid in Kentucky and the total "compensation" paid. KRS 141.120(1)(c) defines compensation as follows:

> ... wages, salaries, commissions, and any other form of remuneration paid or payable to employees for personal service.

■ Because the subsidiary indirectly compensated the employees whose activities they controlled when the employees performed services for them and because Southern did not profit from loaning their employees to the subsidiary, we find that the subsidiary was the employer of Southern's employees when they performed services for the subsidiary. On this issue we agree with the board and reverse the trial court.

The appellants receive income that the Department found to be non-taxable in Kentucky. Of course, the expense to produce non-taxable income cannot be deducted from taxable income. The Department determined that a percentage of this income would be approximately equal to the expense to create it.

■ The appellants argue and the board found that the actual expense was $24,000 for both appellants. The board held that the Department's formula should not be used when the actual amount can be determined. We agree. The finding of the amount by the board is supported by sufficient evidence. We must reverse the trial court on this issue. KRS 131.370(3)(d).

The appellants invest in short-term securities from revenue they receive in the railroad business. They claim that part, if not all, of income from these investments is non-business and non-taxable in Kentucky. KRS 141.120(1)(a) defines business income as follows:

> ... income arising from transactions and activity in the regular course of a trade or business of the taxpayer and includes income from tangible and intangible property if the acquisition, management, or disposition of the property constitutes integral parts of the taxpayer's regular trade or business operations.

■ The appellants argue that they are in the railroad business, not the securities business, but the statute does not limit business income to the income from taxpayers' trade. Appellants' investments are an integral part of their regular business operation. *See Square D Company v. Kentucky Board of Tax Appeals*, Ky., 415 S.W.2d 594 (1967); Annot., 8 A.L.R.4th 934 (1981). On this issue, we affirm the trial court's judgment.

The parts of the Franklin Circuit Court judgment denying the Cincinnati, New Orleans and Texas Pacific Railway Company from including in its apportionment formula the compensation paid to Southern Railway Company for use of its employees and subtracting from the appellants' deductions the percentage of non-business income rather than actual expense are reversed and remanded for proceedings consistent with this opinion. The remaining parts of the judgment are affirmed.

All concur.